**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PATRICIA ROSS,**

          **Plaintiff,**

**-vs-**           Case No. 6:12-cv-1702-Orl-18DAB

**COMMISSIONER OF SOCIAL SECURITY,**

          **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR ATTORNEY'S FEE AWARD (Doc. No. 22)**
>
> **FILED:**      November 1, 2013
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff's application for fees and costs follows the issuance of an Order and entry of Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g).

Pursuant to the Equal Access to Justice Act, a party can recover an award of attorney's fees against the government provided that the party seeking the award is the prevailing party; the application for such fees, including an itemized justification for the amount sought, is timely filed;

the position of the government is not substantially justified; and no special circumstances are present which would make an award unjust. Title 28 U.S.C. § 2412(d)(1)(A).

Applied here, Plaintiff seeks reimbursement of the $350 filing fee and an award of attorney's fees in the amount of $5,520.64, calculated at the rate of $185.88 for the 29.70 hours of work expended on this matter.  The motion includes a request that, if the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.  Counsel represents that the motion is unopposed.

Counsel avers that the rates were calculated by factoring in the statutory rate of $125.00 per hour and adjusting for a cost of living increase based on the Consumer Price Index.  *See Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost of living increases when awarding attorney fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (CPI is appropriate proof of cost of living increase and justifies higher award than statutory rate).  Upon review of the supporting papers filed by Plaintiff, the Court finds the number of hours to be high; however, as the Commissioner has not filed any objection, the Court **recommends** allowance of the fee award of $5,520.64, as appropriate under the EAJA.  Taxing the filing fee cost is also appropriate.

With respect to the request for the government to accept the tendered assignment and pay any EAJA award directly to counsel, any agreement between the parties as to payment of the judgment is outside the purview of the judgment, and the parties may make whatever collection arrangements that they wish. For present purposes, the Court declines to order the government to reimburse counsel directly.  *See Astrue v. Ratliff*, 560 U.S.586, 130 S. Ct. 2521, 177 L.Ed. 2d 91 (2010) (EAJA attorney fees are awarded to the prevailing party, not to the prevailing party's attorney).

It is therefore **respectfully recommended** that the motion be **granted** and that the Clerk be directed to enter judgment for attorney's fees and costs in Plaintiff's favor accordingly.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 22, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy